UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
AYMAN A. HUMUD,

                Plaintiff,                     **REPORT AND**
  -against-                                  **RECOMMENDATION**
                                                22-cv-751 (NRM)(SIL)

CORRECTIONAL OFFICER CORPORAL
CURATOLO, CO #1 and CO #2,

                Defendants.
----------------------------------------------------------------X

**STEVEN I. LOCKE, United States Magistrate Judge:**

This matter is before the Court to oversee and manage discovery. For the reasons set forth herein, the Court respectfully recommends *sua sponte* that the claims brought by Plaintiff Ayman A. Humud ("Plaintiff" or "Humud") be dismissed without prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and that such dismissal should become with prejudice if Plaintiff fails to appear within 60 days of a final order on this issue.

    **I.**      **BACKGROUND**

By way of Complaint dated February 8, 2022, Humud, while incarcerated at Nassau County Correctional Center ("NCCC"), brought this *pro se* action against two John Doe Correctional Officers, CO #1 and CO #2, and Correctional Officer Corporal Curatolo ("Curatolo," collectively "Defendants") pursuant to 42 U.S.C. § 1983 ("Section 1983") alleging a violation of his Fourth Amendment rights. *See* Complaint ("Compl."), DE [1]. Plaintiff moved to proceed *in forma pauperis*, which this Court granted on October 17, 2022, and directed the United States Marshal Service to serve the Summons, Complaint and Order upon Curatolo. This Court also ordered the

1

Nassau County Attorney ascertain the full names and service addresses of the John Doe Correctional Officers CO #1 and CO #2 pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997) (per curiam).  *See* DEs [2], [6].  Curatolo answered on October 9, 2022.  *See* DE [9].  CO #1 and CO #2 remain unidentified and have not been served, however.

This Court scheduled an initial conference on February 9, 2023, and Curatolo filed proof of service of the Order upon Humud, but Plaintiff failed to appear.  *See* DEs [12], [16].  The Court adjourned the conference to March 9, 2023 and noted that "it appears that Plaintiff has been discharged from custody but failed to update the docket as to his new address." DE [16].  The Court reminded Humud of his obligation to update his address with the Court and cautioned that "failure to appear for court conferences may result in dismissal of the case pursuant to Fed. R. Civ. P. 41 for failure to prosecute." *Id.*  Defense Counsel served a copy of the Order on Humud at the address on the docket and at his last known address, and then filed a certificate of service.  *See* DE [17].

Humud failed to appear at the March 9, 2023 conference, and he did not update his address with the Court.  *See* DE [18].  The Court adjourned the conference to March 23, 2023, and Plaintiff was notified again in the Court's Order that "[c]ontinued failure to appear for court conferences may result in dismissal of the case pursuant to Fed. R. Civ. P. 41 for failure to prosecute." *Id.*  Defense Counsel served a copy of the Order on Humud at the address on the docket and his last known address and filed proof of service.  *See* DE [19].  Plaintiff failed to appear at the March

2

23, 2023 conference, however, and has not updated his address with the Court or Defense Counsel or otherwise appeared in this action. *See* DE [20].

On March 27, 2023, this Court recommended that Humud's claims be dismissed without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). *See* DE [21]. The Honorable Nina R. Morrison set a deadline of June 15, 2023, for Plaintiff to indicate that he wished to proceed with the case. *See* DE [24]. On June 21, 2023, Humud sent a letter to this effect to Judge Morrison, with a return address in Amityville, NY. *See* DE [25]. Judge Morrison then declined to adopt this Court's Report and Recommendation, reminding Plaintiff of his responsibility to attend "all conferences in this case" or "risk[ ] dismissal of his case for failure to prosecute." *See* DE [26].

On October 11, 2023, Humud failed to appear for an initial conference, notice of which was mailed by the Court to the Amityville, NY address Plaintiff indicated as his return address.[1] *See* DEs [30], [32]. The initial conference was adjourned to October 31, 2023, and Humud was warned that "his continued failure to appear for court conferences may result in dismissal of his case pursuant to Fed. R. Civ. P. 41 for failure to prosecute." *See* Order dated Oct. 24, 2023. A copy of this Order was sent by the Court to Plaintiff's Amityville, NY address. On October 31, 2023, neither party appeared. *See* Order dated Oct. 31, 2023. As a result, a status conference was

---

[1] Plaintiff has provided no other address to the Court or to Defense Counsel since his June 21, 2023, letter, despite orders from the Court on October 11, 2023; October 24, 2023; and November 8, 2023, instructing him to do so. On October 19, 2023, the Postal Service returned to the Court a copy of the October 11, 2023, order, DE [32], with the note "Return to sender insufficient address unable to forward." No other mailings to the Amityville, NY, address have been returned to the Court.

3

set for November 8, 2023, and the Court again mailed notice to Humud at his Amityville, NY address. *See id.* Plaintiff again failed to appear. *See* DE [36]. The Court adjourned that conference to December 13, 2023, and both the Court and Nassau County mailed notice of this adjournment to Humud's Amityville, NY address. *See* DEs [36], [39]. As before, Humud did not appear. *See* DE [40].

## II.   LEGAL STANDARD

Rule 41(b) authorizes the district court to dismiss a complaint if a plaintiff "fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order[.]" Fed. R. Civ. P. 41(b); *see LeSane v. Hall's Sec. Analyst. Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) ("[I]t is unquestioned that Rule 41(b) . . . gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute."). In considering whether dismissal for failure to prosecute is proper, courts consider the following factors:

> (1) the duration of plaintiff's failure to comply with court orders; (2) whether plaintiff was on notice that failure to comply would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less dramatic than dismissal.

*Green v. Rodgers*, No. 15-cv-2260, 2017 WL 1208746, at *6 (E.D.N.Y. Mar. 15, 2017) (citing *Davis v. Town of Hempstead*, 597 Fed. App'x. 31, 32 (2d Cir. 2015)), *report and recommendation adopted*, 2017 WL 1216524 (E.D.N.Y. Mar. 31, 2017); *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014). In conducting the analysis under Rule 41(b), "no one factor is dispositive." *Nita v. Connecticut Dep't of Envtl. Prot.*, 16 F.3d

4

482, 485 (2d Cir. 1994). Moreover, a court is not required to discuss each factor at length so long as an explanation for dismissal is given. *See Martens v. Thomann*, 273 F.3d 159, 180 (2d Cir. 2001); *see also Baptiste*, 768 F.3d at 217 (observing that district courts are not expected to "make exhaustive factual findings or to utter . . . robotic incantations") (internal quotation marks and citation omitted). Ultimately, whether to dismiss a case for failure to prosecute lies within the court's discretion. *U.S. ex rel. Reliable Constr. PM, Inc. v. Land Frog, Inc.*, No. 13-cv-7351, 2015 WL 740034, at *2 (E.D.N.Y. Feb. 20, 2015) (citation omitted).

## III. DISCUSSION

Applying these standards, the Court respectfully recommends dismissal of Humud's claims pursuant to Rule 41(b) for failure to prosecute. Despite notice from the Court, Plaintiff failed to appear for three consecutively scheduled conferences *prior* to his letter to Judge Morrsion, DE [25], and he did not appear at four consecutively scheduled conferences *after* sending that letter. He has not participated in this litigation in any meaningful way since filing the Complaint on February 8, 2022. To the extent that Humud's address has changed from the Amityville, NY, address he indicated as his return address on his letter to Judge Morrison, DE [25], he has not updated the Court or Defense Counsel accordingly. Under these circumstances, it appears that Plaintiff is no longer interested in pursuing his claims or participating in this action any further. Accordingly, the Court recommends that the claims be dismissed without prejudice pursuant to Rule 41(b).

If Humud does not seek to appear within 60 days of the final order on this issue, this dismissal should be with prejudice.

## IV. CONCLUSION

For the reasons set forth herein, the Court respectfully recommends that Plaintiff's claims be dismissed without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b), and that such dismissal become with prejudice if he does not seek to appear within 60 days of a final order on this issue.

## V. OBJECTIONS

A copy of this Report and Recommendation is being served on Defendants by electronic filing on the date below. Defense Counsel is directed to serve a copy on Plaintiff **at both the address on the docket and at 108 Broadway St. Amityville, NY** within three days of the date below and promptly file proof of service via ECF. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days of receipt of this report. Failure to file objections within this specified time waives the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72; *Ferrer v. Wolvier*, No. 05-cv-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.2d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
       December 15, 2023

/s/ Steven I. Locke
STEVEN I. LOCKE
United States Magistrate Judge